IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

YVONNE JOHNSON,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

    Defendant.

:
:
:
:
:
:

Case No. 3:16-cv-408

JUDGE WALTER H. RICE

MAGISTRATE JUDGE
MICHAEL J. NEWMAN

---

DECISION AND ENTRY ADOPTING REPORT AND
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE
(DOC. #10), AND OVERRULING OBJECTIONS OF DEFENDANT
NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL
SECURITY, TO SAID JUDICIAL FILING (DOC. #11); JUDGMENT TO BE
ENTERED IN FAVOR OF PLAINTIFF YVONNE JOHNSON AND
AGAINST THE DEFENDANT COMMISSIONER, REVERSING THE
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE
SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE
TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42
U.S.C. § 405(g) FOR IMMEDIATE AWARD OF BENEFITS;
TERMINATION ENTRY

---

Plaintiff Yvonne Johnson ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On July 28, 2017, Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #10, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301

*et seq.*, be vacated, and that the captioned cause be remanded to the Commissioner for an immediate payment of benefits. Based upon reasoning and citations of authority set forth below, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #10, and OVERRULES the Commissioner's Objections, Doc. #11 to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, as not supported by substantial evidence, and remanding the matter to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g) for an immediate award of benefits.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

2

*Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938)). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human*

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

3

*Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. In the Report and Recommendations, the Magistrate Judge concluded that the Commissioner's Administrative Law Judge ("ALJ"), Benjamin Chaykin, erred in concluding that Plaintiff did not meet or equal 20 C.F.R. Pt. 404 Subpt. P App'x 1 Listing ("Listing" or "Appendix 1 Listing") 12.05(C). Doc. #10, PAGEID #868-69. To meet or equal Listing 12.05(C), as that Listing existed at the time of the ALJ's decision[2], the evidence of record must show: "(1) significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) a valid verbal, performance, or full scale IQ of 60 through 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.*, PAGEID #866 (quoting *Golden v. Comm'r of Soc. Sec.*, No. 14-6102, 591 F. App'x 505 (6th Cir. 2015); citing *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001)).

2. The Commissioner argues that there is not substantial evidence of record showing deficits in Plaintiff's adaptive functioning prior to the age of 22. Doc. #11, PAGEID #878. She claims that Plaintiff's school records show that her problems arose from difficulty getting along with others and lack of effort, rather than from any severe

---

[2] Listing 12.05 was amended effective January 17, 2017, eliminating the sub-listings that were in effect at the time of the ALJ's decision on September 8, 2015. 81 Fed. Reg. 66137-78 (Sept. 26, 2016) (codified at 20 C.F.R. §§ 404, 416).

4

intellectual deficit. *Id.*, PAGEID #878-79 (citing Doc. #6-2, PAGEID #82, 86-89; Doc. #6-6, PAGEID #304-11, 333-40, 364-66; Doc. #6-7, PAGEID #456, 506, 510, 815-17). Similarly, the Commissioner argues, it was interpersonal difficulties, rather than deficits in adaptive functioning, that have prevented Plaintiff from sustaining full-time employment. In support, the Commissioner notes that Plaintiff voluntarily resigned from her most recent job several months before the alleged disability onset date. *Id.*, PAGEID #879 (citing Doc. #6-6, PAGEID #288, 295, 318; Doc. #6-7, PAGEID #506). The Commissioner claims that in light of the above, and because evidence of record indicated that Plaintiff's mental health symptoms were stable and her physical limitations were mild, ALJ Chaykin's conclusion that Plaintiff did not have significant deficits in adaptive functioning was reasonable, and should not be disturbed. *Id.*, PAGEID #879-80 (citing Doc. #6-2, PAGIED #87; Doc. #6-3, PAGEID #152; Doc. #6-7, PAGEID #701-03).

The Commissioner's argument is belied by the evidence of record which the Magistrate Judge aptly summarized in the Report and Recommendations. That judicial officer noted that Plaintiff was placed in a program for children with developmental disabilities at age 13, as the school's evaluators concluded that she was significantly delayed in both verbal and math skills. Doc. #10, PAGEID #866-67 (citing Doc. #6-7, PAGIED #383-84). When Plaintiff was seventeen, the school's evaluators concluded that her academic skills were at a fourth grade level, and that she had a "severe deficiency in social intelligence." *Id.*, PAGEID #867 (quoting Doc. #6-7, PAGEID #392). Moreover these deficits in functioning have not improved; Plaintiff did not graduate from high school and never obtained a driver's license. Further, Plaintiff's mother, not

5

Plaintiff, has custody of the latter's adult son. *Id.* (citing Doc. #6-2, PAGEID #110-13, 121, 123, 125). Thus, the evidence was overwhelming that Plaintiff had significant deficits in adaptive functioning, with onset prior to the age of 22, and the ALJ clearly erred in not finding that Plaintiff satisfied the first element of Listing 12.05(C).

3. The Commissioner notes that most of her examining and reviewing psychologists diagnosed Plaintiff with borderline intellectual functioning, rather than developmental disability (formerly known as "mental retardation"). Doc. #11, PAGEID #872, 875-76 (citing Doc. #6-3, PAGEID #150-56, 167-71, 180-84; Doc. #6-7, PAGEID #397, 410, 499, 520). While one of the Commissioner's examining psychologists, Gene Harris, Ph.D., assessed an IQ score of 42, Dr. Harris also opined that that score was likely due to Plaintiff's poor effort, and the score was not indicative of her true intellectual ability. Doc. #6-7, PAGEID #452-55. Thus, the Commissioner argues, ALJ Chaykin's rejection of Dr. Harris's assessed IQ score was proper, as was the ALJ's conclusion that Plaintiff did not satisfy the Listing 12.05(C) criterion of having a valid IQ score of 60 through 70. Doc. #6-2, PAGEID #89; Doc. #11, PAGEID #876 (citing Doc. #6-2, PAGEID #80-81). Yet, as Plaintiff notes, Dr. Harris's examination notes also indicated that Plaintiff's previous IQ scores from 1983 and 1987, when Plaintiff was thirteen and seventeen years of age, respectively, accurately reflected her intellectual ability. Doc. #12, PAGEID #885-86 (citing Doc. #6-7, PAGEID #455). Plaintiff's full-scale IQ scores were 61 at age 13 and 59 at age 17, Doc. #6-7, PAGEID #384, 389, and were accompanied by narrative reports that explained Plaintiff's functional limitations. Doc. #12, PAGEID #887 (citing POMS DI 34132.009(D)(6)). Finally, the Commissioner argues, the fact that the IQ tests are more than thirty years old renders

6

them invalid for determining whether Listing 12.05(C) is satisfied. Doc. #11, PAGEID #874 (citing Doc. #6-7, PAGEID #384, 389). Yet, despite the age of the scores, the Commissioner's examining psychologist, in 2012, considered them to be accurate reflections of Plaintiff's intellectual disability. Doc. #6-7, PAGEID #455. Thus, Plaintiff satisfied the second element of Listing 12.05(C).

4.  ALJ Chaykin concluded that Plaintiff's cognitive difficulties, affective disorder and anxiety constituted "significant impairments." Doc. #6-2, PAGEID #79. The Commissioner does not contest the ALJ's conclusion, but argues that those impairments did not impose additional and significant work-related functional limitations, as required to satisfy the third element of Listing 12.05(C). Doc. #11, PAGEID #872-73 (citing Doc. #6-3, PAGEID #167, 180). The Commissioner notes that the majority of the examining and record-reviewing psychologists concluded that Plaintiff was not intellectually disabled. *Id.*, PAGEID #872 (citing Doc. #6-7, PAGEID #397, 410, 499, 520). However, some of those medical sources opined that Plaintiff experienced multiple, significant limitations that would impact her ability to sustain full-time employment. For example, while Giovanni Bonds, Ph.D., did not diagnose Plaintiff with intellectual disability, she did conclude that Plaintiff was impaired in understanding, remembering and following directions, and would have difficulty with the interpersonal aspects of any job. Doc. #6-2, PAGEID #81; Doc. #6-7, PAGEID #10. Moreover, Michael Firmin, Ph.D., another of the Commissioner's examining psychologists, indicated that Plaintiff was "markedly limited in her ability to work around others without being distracted by them[.]" *Id.*, PAGEID #890 (citing Doc. #6-7, PAGEID #667).

7

These substantial impairments contributed to her difficulties interacting with others; those difficulties, in turn, imposed significant work-related limitations. Accordingly, Plaintiff satisfied the third element of Listing 12.05(C).

5. As described above, the evidence of record is overwhelming that Plaintiff met or equaled Listing 12.05(C). Thus, the ALJ was required to find Plaintiff disabled and enter an award of benefits. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987); *Peterson v. Comm'r of Soc. Sec.*, No. 13-5841, 552 F. App'x 533, 539 (6th Cir. 2014). As proof of Plaintiff's disability is overwhelming, remand for an immediate award of benefits, rather than for further proceedings, is appropriate. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts in full the Report and Recommendations of the United States Magistrate Judge, Doc. #10, and overrules the Commissioner's objections to said judicial filing. Doc. #11. Judgment shall enter in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for an immediate award of benefits.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: December 18, 2017

*signature*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE